IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, and | : | |
| ZONING HEARING BOARD OF | : | |
| THE CITY OF ALLENTOWN, | : | |
| | : | NO.   02-3842 |
| Defendants. | | |

MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion for Extension of Discovery (Dkt. No. 38). For the reasons that follow, Plaintiff's motion is DENIED.

Factual Background and Procedural History

On June 18, 2002, Plaintiff filed the instant Complaint *pro se*. Defendants' Motion to Dismiss the Complaint was denied on November 5, 2002 and a Rule 16 Conference was conducted on November 26, 2000. Plaintiff was in attendance and participated in a discussion regarding the scheduling deadlines in this matter. The initial scheduling order, which was issued on January 9, 2003, instructed that all discovery shall be completed by May 7, 2003.

On April 28, 2003, nine days prior to the scheduled completion of discovery, W. Thomas Anthony, Esquire and John J. Keller, Esquire ("Keller") entered appearances on behalf of Plaintiff. (Dkt. Nos. 21, 22). Immediately thereafter, on May 5, Plaintiff filed a Motion to Extend Discovery. The Court granted Plaintiff's Motion on May 13, 2003, and directed the completion of all discovery by July 7, 2003. (Dkt No. 24).

1

On June 23, 2003, over one year after the filing of the Complaint, Plaintiff filed a Motion for Leave to File an Amended Complaint. The Court granted Plaintiff's motion on July 23, 2003. On August 11, 2003, the Court entered a Second Amended Scheduling Order which mandated the completion of all discovery by November 10, 2003. Plaintiff filed an Amended Complaint on August 21, 2003. On December 10, 2003, in compliance with the Court's Second Amended Scheduling Order, Defendants filed a Motion for Summary Judgment. On January 9, 2004, just three days before Plaintiff's response was due, Plaintiff fired his counsel.

On January 12, 2004, proceeding *pro se* again, Plaintiff filed a Motion for Extension of Time to file a response to Defendants' Motion for Summary Judgment. On January 12, 2004, the Court granted Plaintiff's motion, directing Plaintiff to respond to Defendants' Motion for Summary Judgment by February 6, 2004.

On January 26, 2004, over two and one half months after the close of discovery, Plaintiff filed a Motion for Extension of Discovery Deadline. This motion is presently under consideration. Plaintiff has failed to conduct any discovery to date. (See Defs.'Motion and Br., Dkt. Nos. 40, 41).

Analysis

A party seeking to re-open discovery in response to a summary judgment motion must demonstrate: (1) the particular information sought, (2) how the information would preclude summary judgment, and (3) why it has not previously been obtained. See Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994); St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994).

Plaintiff seeks to re-open discovery to depose Paul Snyder and other police officials who

testified at Zoning Board hearings, as well as the members of the Zoning Hearing Board. (Pl. Motion ¶ 7). Plaintiff also asserts that he may send "written interrogatories to the neighbors who testified at the zoning hearings." (Id.) Plaintiff, however, fails to make the requisite showing as to the significance of this information on the issue of summary judgment. Most importantly, Plaintiff fails to provide adequate explanation as to the reasons underlying his failure to obtain this information during the protracted, and oft extended, discovery period.

It is the Court's strong view that Plaintiff has been afforded ample opportunity to conduct discovery. This case has been pending since June 18, 2002 and has been delayed numerous times. The Court has granted Plaintiff every courtesy in the extension of discovery and motion response deadlines. Plaintiff was also permitted to file an amended complaint after the expiration of the initial discovery deadline. In spite of these considerations, Plaintiff and his representatives have failed to conduct any discovery whatsoever. (See Defs.' Motion and Br., Dkt. Nos. 40, 41). This inactivity demonstrates a lack of appreciation of the meaning of a judicial order, a failure by Plaintiff to recognize his obligation to develop his factual allegations in a timely manner, and violates the spirit of the November 26, 2002, Scheduling Conference where deadlines were established after full consideration of the recommendations of the parties. Moreover, at that time, both sides were advised of their responsibility to move this case toward disposition.

Plaintiff attempts to explain this inactivity by alleging "[a]ttorney Keller . . . allowed the discovery period in this case to expire without conducting any discovery, contrary to the Plaintiff's express instructions." Plaintiff also alleges that "[a]ttorney Keller allowed the discovery period to elapse without consulting the Plaintiff and without informing Plaintiff of his

3

failure." (Pl. Motion ¶ 3).

Despite Plaintiff's efforts to render Keller entirely responsible for the failure to conduct *any* discovery in this case, Plaintiff shares responsibility for this history of protracted inactivity. After all, Plaintiff proceeded *pro se* for almost a year without conducting any discovery. Indeed, Keller entered his appearance just nine days prior to the arrival of the initial discovery deadline. After Keller entered his appearance, the Court further accommodated Plaintiff by amending the scheduling order two additional times in order to afford Plaintiff adequate time to conduct discovery. Plaintiff, of course, was always obligated to work with his counsel in an effort to complete discovery.

"[A] *pro se* plaintiff must bear the responsibility of pursuing his claim and at the minimum he must be willing to participate in the discovery process." Marcolongo v. School Dist. of Philadelphia, 1999 WL 1011899, at * 5 (E.D. Pa. Nov. 5, 1999) (citing Long v. Chambers, 1991 WL 111174 (E.D. Pa. June 14, 1991)). And, although represented by counsel for a portion of this litigation, Plaintiff "bears or shares responsibility for the failure to properly litigate this action." See Mondesir v. Trans Union, 1999 WL 907568, at * 1 (E.D. Pa. Oct. 18, 1999). It is abundantly clear that Plaintiff is not without fault as to the failure to conduct discovery. It is also evident that, whether represented or proceeding *pro se*, Plaintiff had ample opportunity to conduct discovery.

Moreover, it appears that Plaintiff has been less than cooperative with Defendants' discovery efforts in this case. Defendants allege that Plaintiff failed to appear for scheduled depositions on February 6, 2003 and February 21, 2003, and when Plaintiff was finally deposed on March 14, 2003, he attempted to stop the deposition by asserting that he was physically and

4

mentally ill. (Defs.' Memo ¶ 12(g)).

Defendants' Motion for Summary Judgment is pending before the Court. As Defendants correctly contend, it would be unduly prejudicial to the Defendants to permit the re-opening of discovery at this juncture. Such a ruling would provide Plaintiff the unfair opportunity to tailor discovery in direct response to their arguments. Accordingly, Plaintiff's Motion for Extension of Discovery Deadline is denied.

AND NOW this    day of February, 2004, upon consideration of Plaintiff's Motion for Extension of Discovery Deadline (Dkt. No. 38) is DENIED. It is further ORDERED that Plaintiff shall respond to Defendants' Motion for Summary Judgment by February 27, 2004.

BY THE COURT:


Legrome D. Davis, J.