IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | ) | CIVIL RIGHTS ACTION |
| Plaintiff | ) | |
| vs. | ) | No. 02-CV-3842 |
| | ) | |
| CITY OF ALLENTOWN, and | ) | JURY TRIAL DEMANDED |
| ZONING HEARING BOARD OF | ) | |
| THE CITY OF ALLENTOWN, | ) | |
| Defendants | ) | |

### DEFENDANTS' PRETRIAL MEMORANDUM

I.  **BRIEF STATEMENT OF THE CASE AND STATEMENT OF ISSUES TO BE ADDRESSED**

   A.  **BRIEF STATEMENT OF THE CASE**

   The Plaintiff asserts First Amendment violations and discrimination on the basis of race related to a Bring-Your-Own-Bottle establishment known as Hollywood Nights.

   The Plaintiff's primary complaint is that the BYOB establishment known as Hollywood Nights is subject to municipal requirements that it close at midnight, rather than 2:00 a.m. The restriction was place on Hollywood Nights in 1993, when a special exception was sought from the Allentown Zoning Hearing Board to permit it to open as a cabaret under the Allentown zoning ordinance.

In 1999, the Plaintiff applied to the City of Allentown Zoning Hearing Board requesting an expansion of the hours of operation of Hollywood Nights to 2:00 a.m. and to permit Sunday hours. The Zoning Hearing Board denied that request, after which an appeal was taken to the Lehigh County Court of Common Pleas. That appeal was denied, and a further appeal was taken to the Commonwealth Court of Pennsylvania. That appeal was likewise denied and a Petition for Allowance of Appeal to the Pennsylvania Supreme Court was filed. That Petition was denied. At each level of the state court proceedings, the Plaintiff asserted that he was the owner and operator of Hollywood Nights, and that the denials were predicated upon racial discrimination.

While the state court litigation was proceeding, the Plaintiff filed this action in federal court, which made the same allegations.

After the denial of his Petition for Allowance of Appeal to the Pennsylvania Supreme Court, and while this case was pending, Mr. Rose again sought an alteration of the hours of operation. The Zoning Office denied that request and Mr. Rose appealed to the Zoning Hearing Board, requesting an extension predicated upon hardship and racial discrimination. Mr. Rose's request was denied by The Zoning Hearing Board. Mr. Rose took an appeal to the Court of Common Pleas of Lehigh County, Pennsylvania. That appeal was denied on November 19, 2004, in an Order entered by the Honorable Carol K. McGinley. A copy of that Order is attached to this Pretrial Memorandum.

Mr. Rose has recently filed a second federal action captioned <u>Rose v. City of Allentown and Zoning Hearing Board of the City of Allentown</u>, (No. 04-CV-2853), raising the same allegations.

    **B.**    <u>**ISSUES**</u>

This case presents various issues, some of which are appropriate for the jury and some of which appear to be for the Court, after a jury determination of underlying facts. Those issues are as follows:

    1.    <u>Were the Plaintiff's constitutional rights violated where the alleged constitutional violations are directed to a business and he is neither an owner nor an operator of that business?</u> (Jury)

    2.    <u>Does the Plaintiff have standing to pursue constitutional claims where he is neither the owner nor the operator of Hollywood Nights, he has suffered no injury in fact, and he does not have a legal basis to pursue the alleged constitutional violations on behalf of the owners and operators of that club?</u> (Court)

    3.    <u>Does this Court have subject matter jurisdiction where the same claims of racial discrimination were raised and denied in the state courts and where the First Amendment constitutional claims have been denied by the local Zoning Hearing Board, which denial has been affirmed by the Lehigh County Court of Common Pleas?</u> (Court)

    4.    <u>Are the Plaintiff's claims of race discrimination barred by issue and claim preclusion where they have been decided adversely to him in the state courts?</u> (Court)

    5.    <u>Are the Plaintiff's claims of violations prior to June 18, 2000, barred by the applicable Statutes of Limitation?</u>  (Court)

    6.    <u>Is the City of Allentown's regulation of the hours of operation of Hollywood Nights unconstitutional under the United States Constitution and under the Pennsylvania Constitution?</u> (Court)

    7.    <u>Has the Plaintiff established a claim under his allegations of racial discrimination where:</u>

    1.    <u>he has failed to produce any evidence to establish that he has been the victim of racial discrimination</u> (Jury);

    2.    <u>he has failed to produce any evidence that the owners of Hollywood Nights (who are Caucasians) are the victims of racial discrimination</u> (Jury);

    3.    <u>he has produced only subjective allegations of race discrimination against the true owners without any factual basis for his assertions</u> (Jury).

## II.   <u>WITNESSES</u>

    1.    <u>Francis P. Burianek, Esquire</u>. (Anticipated length of testimony - 1 ½ hours). Mr. Burianek will describe the applicable City of Allentown Ordinances and the history of action taken by City of Allentown and the Allentown Zoning Hearing Board of the City of Allentown with respect to Mr. Rose's various filings. Mr. Burianek will additionally identify and describe the Planning Commission Minutes during the Planning Commission's 1998 consideration of Allentown's

BYOB Ordinance. He will also confirm that Richard Miller, the owner of Hollywood Nights, is Caucasian.

2. <u>F. Paul Laubner, Esquire</u>. (Anticipated length of testimony - 1 ½ hours). He was and continues to be the chairman of the Zoning Hearing Board that heard and decided the original Hollywood Nights' special exception request. He was the chairman of the Zoning Hearing Board that heard and decided the 1999 variance seeking more expansive hours. All cases coming before the Allentown Zoning Hearing Board are held in compliance with applicable law and in a fair and non-discriminatory fashion. All of the requests made by or on behalf of Hollywood Nights have been made without regard to race, which has played no role in any decision which he had ever made as chairman of the Zoning Hearing Board.

3. <u>Tracy E. Samuelson</u>. (Anticipated length of testimony - 1 hour). She was the City of Allentown's Zoning Supervisor during the 1993 and 1999 considerations of the applications of Hollywood Nights. All applications from or on behalf of Hollywood Nights were considered in strict compliance with applicable law. All of Jimi Rose's applications were considered in strict compliance with applicable law. Race played no role in the consideration of any application made by Mr. Rose or any application made by or on behalf of Hollywood Nights, or any other establishment at that location. In the City of Allentown, the zoning laws are applied without consideration of race and are applied in a non-discriminatory fashion.

4. <u>Barbara M. Nemith</u>. (Anticipated length of testimony - 1 hour). She is Allentown's present Zoning Supervisor and was a Zoning Officer at the time of Mr. Rose's 2002 application for more expansive hours on behalf of Hollywood Nights. All applications from or on behalf of Hollywood Nights were considered in strict compliance with applicable law. All of Jimi Rose's applications were considered in strict compliance with applicable law. Race played no role in the

consideration of any application made by Mr. Rose or any application made by or on behalf of Hollywood Nights, or any other establishment at that location. In the City of Allentown, the zoning laws are applied without consideration of race and are applied in a non-discriminatory fashion.

5. <u>Joan A. Fritz</u>. (Anticipated length of testimony - ½ hour) She is the secretary of the Allentown Zoning Hearing Board. She will identify various applications filed before the Zoning Hearing Board and decisions of the Zoning Hearing Board.

6. <u>Paul Snyder</u>. (Anticipated length of testimony - 1 hour). Paul Snyder is formerly an Allentown Police Officer. He testified at the 1999 hearing. He will testify that he provided factual information concerning the impact of Hollywood Nights in the neighborhood, and the impact of BYOB's generally. He will testify that his testimony was not predicated upon racial animus.

**III.   EXHIBITS**

1. Jimi Rose Deposition transcript.

2. Decision of the Zoning Hearing Board of September 16, 1993.

3. 1999 Application on behalf of Hollywood Nights.

4. 1999 hearing before the Zoning Hearing Board (including transcripts and exhibits).

5. Decision of the Zoning Hearing Board of September 13, 1999.

6. July 21, 1999, Notice of Appeal.

7. Order and Opinion of the Court of Common Pleas of Lehigh County (March 29, 2001).

8. Memorandum Opinion and Order of Commonwealth Court of Pennsylvania (February 28, 2002).

9. Order of the Pennsylvania Supreme Court (August 14, 2002).

10. November 13, 2002, Notice of Appeal for Sin City Strippers.

11. Brief of the Applicant Jimi Rose.

12. Order of the Court of Common Pleas of Lehigh County, Pennsylvania (November 19, 2004).

### IV. DAMAGES

_____The Defendants have no damage claim, although they reserve their right to claim counsel fees should they be determined to be the prevailing party.

### V. LIST OF STIPULATIONS

_____Defense counsel proposes that the various applications, transcripts, and decisions be stipulated as authentic.

### VI. ESTIMATED TRIAL LENGTH

_____The Defendants estimate their case to last one (1) day.

### VII. **PROPOSED VOIR DIRE QUESTIONS:** See attached.

VIII.  **PROPOSED JURY INSTRUCTIONS:**    See attached.

IX.  **PROPOSED VERDICT SLIP:**    See attached

                    **RESPECTFULLY SUBMITTED,**

                    _____
                    James T. Huber, Esquire
                    **HUBER AND WALDRON**
                    535 Hamilton Mall, Suite 301
                    Allentown, Pennsylvania 18101
                    (610) 435-9790
                    I.D. No. 22089