**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JIMI ROSE, | ) | CIVIL RIGHTS ACTION |
| Plaintiff | ) | |
| vs. | ) | No. 02-CV-3842 |
| | ) | |
| CITY OF ALLENTOWN, and | ) | JURY TRIAL DEMANDED |
| ZONING HEARING BOARD OF | ) | |
| THE CITY OF ALLENTOWN, | ) | |
| Defendants | ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**I.      PROPOSED BINDING INSTRUCTIONS**

1.      The Plaintiff has failed to prove that he was the owner of the establishment known as Hollywood Nights, and I direct you to find in favor of the Defendants on all claims.

2.      Plaintiff has failed to establish his claims under the First Amendment of either the United States Constitution or the Pennsylvania Constitution.  I direct you to find in favor of the Defendants with respect to the First Amendment claims..

3.      The Plaintiff has failed to prove his claims of a violation of the Equal Protection Clause and I direct you to find in favor of the Defendants with respect to that claim.

4.      The Plaintiff has failed to prove his claims of racial discrimination, and I direct you to find in favor of the Defendants.

## II.    DEFENDANTS' PROPOSED POINTS FOR CHARGE

### A.    OWNERSHIP OF HOLLYWOOD NIGHTS

1.    All of the Plaintiff's Constitutional claims are predicated upon the claimed unconstitutionality of Allentown's regulations as they apply to the establishment Hollywood Nights and allegations of race discrimination are predicated upon the Plaintiff's allegation that the City of Allentown denies basic civil rights to the Plaintiff as an African American who owns a nightclub within the City.  In order for the Plaintiff to have a cause of action on any of the grounds which he is asserting, you must first determine whether or not he was the owner of Hollywood Nights during the relevant time period.  If you find he was not, you must find in favor of the Defendants.

### B.    INSTRUCTIONS RE: 42 U.S.C. §1983

1.    Modern Federal Jury Instructions (Civil):
(The Statute) (Inst.87-65).

2.    Modern Federal Jury Instructions (Civil):
(Purpose of the Statute) (Inst.87-66).

3.    Modern Federal Jury Instructions (Civil):
(Burden of Proof) (Inst.  87-67).

4.    Modern Federal Jury Instructions (Civil):
(Elements of a Claim) (Inst.  87-68).

5.    Modern Federal Jury Instructions (Civil):
(Definition) (Inst.  87-69).

6.      Modern Federal Jury Instructions (Civil):
        (State Official) (Inst. 87-70).

7.      Modern Federal Jury Instructions (Civil):
        (General Instruction) (Inst. 87-74).

8.      Modern Federal Jury Instructions (Civil):
        (Proximate Cause) (Inst. 87- 79).

9.      Modern Federal Jury Instructions (Civil):
        (Municipalities) (Inst. 87-81).


## C.    FIRST AMENDMENT INSTRUCTIONS

10.     Mr. Rose's constitutional claims related to the First Amendment are based on the claim that Hollywood Nights should be granted more expansive hours of operation. He asserts that the regulation of the hours of operation of BYOB clubs which provide nude entertainment violates the United States and Pennsylvania constitutional protections of expressive conduct.

11.     Modern Federal Jury Instructions (Civil):
        (First Amendment) (Inst. 87-94) (Tailored to this case).

12.     Modern Federal Jury Instructions (Civil):
        (Elements of Plaintiff's Claim) (Inst. 87-95) (Tailored to this case).

13.     Modern Federal Jury Instructions (Civil):
        (First Element) (Inst. 87-96) (Tailored to this case).

14.     Modern Federal Jury Instructions (Civil):
        (Second Element) (Inst. 87-98) (Tailored to this case).

15.     In determining whether the City of Allentown's regulation of BYOB Clubs is reasonable, you should consider if (1) it is justified without reference to the content of the regulated speech; (2) it is narrowly tailored to serve a significant or substantial government interest; and (3) it leaves open ample alternative channels of communication. Mitchell v. Commission on Adult Entertainment Establishments of the State of Delaware, 10 F.3d 123, 130-31 (3d Cir. 1993).

16.     The same requirements apply in deciding whether a violation of the Pennsylvania Constitution occurred. Piatek v. Pulaski Township, 828 A.2d 1164 (Pa. Com. 2003).

D.      **RACE DISCRIMINATION CLAIM**

17.     Modern Federal Jury Instructions (Civil):
        (The Statute) (Inst. 87-100).

18.     Modern Federal Jury Instructions (Civil):
        (Purpose of the Statute) (Inst. 87-101) (Second instruction).

19.     Modern Federal Jury Instructions (Civil):
        (Elements) (Inst. 87-102).

20.     Modern Federal Jury Instructions (Civil):
        (Agreement) (Inst. 87-103).

21.     Modern Federal Jury Instructions (Civil):
        (Rights abridged) (Inst. 87-105).

22.     Modern Federal Jury Instructions (Civil):
        (Class-based animus) (Inst. 87-106).

23.     The Plaintiff claims that zoning laws have been enforced against Hollywood Nights selectively, based upon the Plaintiff's race. Selective enforcement may constitute a violation of the Equal Protection Clause of the United States Constitution if the plaintiff can establish that: (1) the person, compared with others similarly situated, was selectively treated and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, including race. Lamb Foundation v. North Wales Borough, 2001 W.L. 1468401 (E.D. Pa. November 16, 2001), p. 14; Homan v. City of Reading, 15 F. Supp.2d 696, 701 (E.D. Pa. 1998).

24.     In determining whether the Plaintiff has proven selective enforcement of the law, it is not enough for the Plaintiff to simply show that he was treated differently than similarly situated owners who were not African-American. Plaintiff must demonstrate circumstantial evidence, beyond evidence of the simple fact of differential treatment itself, that the Defendants' actions were actually motivated by a racially discriminatory purpose. Homan v. City of Reading, 15 F. Supp. 2d 696 (E.D. Pa. 1998), quoting Barnes Foundation v. Township of Lower Merion, 982 F. Supp. 970, 986 (E.D. Pa. 1997).

E.      **DAMAGES**

25.     Modern Federal Jury Instructions (Civil):
        (Compensatory Damages) (Inst. 87-87).

26.     Modern Federal Jury Instructions (Civil):
        (Damages for the Mere Fact of Violation) (Inst.  87-88).

27.     Modern Federal Jury Instructions (Civil):
        (Causation of Damages) (Inst.  87-89).

**RESPECTFULLY SUBMITTED,**

_____
James T.  Huber, Esquire
**HUBER AND WALDRON**
535 Hamilton Mall, Suite 301
Allentown, Pennsylvania 18101
(610) 435-9790
I.D. No.  22089