IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | ) | CIVIL RIGHTS ACTION |
| Plaintiff | ) | |
| vs. | ) | No. 02-CV-3842 |
| | ) | |
| CITY OF ALLENTOWN, and | ) | JURY TRIAL DEMANDED |
| ZONING HEARING BOARD OF | ) | |
| THE CITY OF ALLENTOWN, | ) | |
| Defendants | ) | |

**DEFENDANTS' MOTION IN LIMINE**

NOW, come the Defendants, City of Allentown and Zoning Hearing Board of the City of Allentown, by counsel, James T. Huber, Esquire, and file the within Motion in Limine based upon the following facts:

1. The Plaintiff has filed a Pretrial Memorandum which lists proposed Issues, Witnesses, and Exhibits.

2. The Defendants respectfully suggest that the issues listed and the witnesses and exhibits identified are appropriately precluded and/or limited at the time of trial for the reasons described below and for the reasons described in their Memorandum of Law, which Memorandum of Law is attached hereto and incorporated herein by reference.

**A.     Motion in Limine, re: Issues Listed**

      3.     The Defendants move to limit the Plaintiff's testimony with respect to the issues which he has raised for the reasons stated in their Memorandum of Law in Support of Motion in Limine, and as follows:

      a.     The issues to be presented at trial are appropriately precluded based upon the arguments made by the Defendants in their Motion for Summary Judgment, which Motion for Summary Judgment is incorporated by reference.

      b.     The Defendants seek to limit specific issues raised in the Plaintiff's Pretrial Memorandum, as follows:

      (1)     With respect to Plaintiff's Issue 1: ("Is the 1994 oral agreement between the Plaintiff and the Defendants still binding on the Defendants?"):

      (a)     This is a new issue to the case, and not pleaded in the Complaint or the Amended Complaint.

      (b)     The Court has no subject matter over this issue, because it is a state law contract claim.

      (c)     This issue, having arisen prior to June 18, 2000, has been specifically withdrawn from this case by the Plaintiff, which withdrawal has been confirmed by this Court's Order of November 5, 2002.

      (2)     With respect to Plaintiff's Issue 2: ("Is the Plaintiff's adult nightclub grandfathered in, so that later restrictions on operating hours do not apply to the Plaintiff's business?"):

(a) This is a new issue in this case, having not been asserted in the Complaint or the Amended Complaint.

(b) This is a zoning issue over which this Court has no subject matter jurisdiction.

(c) This is a pre-June 18, 2000 issue, precluded by this Court's Order of November 5, 2002.

(3) With respect to Plaintiff's Issue 3: ("Are the City Zoning Ordinances that apply to BYOB clubs and adult businesses unconstitutionally vague and over broad?"):

(a) The Defendants respectfully incorporate and reassert the arguments contained in their Motion for Summary Judgment, which established that these issues have not only been raised by Mr. Rose in the State Courts, but decided adversely to him.

(4) With respect to Plaintiff's Issue 4: ("Do the restrictions on the Plaintiff's operating hours violate the Plaintiff's freedom of expression under the Pennsylvania Constitution?"):

(a) The Defendants respectfully incorporate the arguments in their Motion for Summary Judgment, which established that these issues have not only been raised by Mr. Rose in the State Courts, but decided adversely to him.

(5) With respect to Plaintiff's Issue 5: ("Do the restrictions on the Plaintiff's operating hours constitute a denial of equal protection, in violation of the Fourteenth Amendment in the United States Constitution?"):

(a) The Defendants respectfully incorporate the arguments in their Motion for Summary Judgment, which established that these issues have not only been raised by Mr. Rose in the State Courts, but decided adversely to him.

(6)   With respect to Plaintiff's Issue 6: ("Have the Defendants engaged in a pattern of racial discrimination against the Plaintiff in violation of the Civil Rights Act?"):

(a)   The Plaintiff's allegations of racial discrimination, in almost every respect, predate June 18, 2000. Any testimony to be presented concerning events which occurred prior to that date is properly excluded as having been withdrawn voluntarily by the Plaintiff, which withdrawal was confirmed by this Court's Order of November 5, 2002.

(b)   In addition, these issues have been litigated by Mr. Rose in the State Courts and decided adversely to him.

### B.   Motion in Limine, Re: Witnesses Identified

4.   The Defendants move to preclude the testimony of the Plaintiff's witnesses for the reasons stated in their Memorandum of Law in support of Motion in Limine and as follows:

a.   the Defendants seek to limit the testimony of all witnesses for the following reasons:

(1)   For the same reasons described above, any testimony from any witness concerning events prior to June 18, 2000, is appropriately precluded, as allegations prior to that date have been withdrawn by the Plaintiff, which withdrawal was confirmed by this Court's Order of November 5, 2002.

b.   the Defendants seek to preclude and/or limit the testimony of particular witnesses for the following reasons:

(1)   Jimi Rose - To the extent his testimony concerns incidents prior to June 18, 2000, or concerns issues not properly before the Court, it is properly so limited.

(2) Jennifer Miller - Testimony concerning Hollywood Nights related to hours, policies, finances, and occurrences, are not relevant to the case. As such, they violate Federal Rule of Evidence 402.

(3) Richard Miller - Testimony concerning Hollywood Nights related to hours, policies, finances, and occurrences, are not relevant to the case. As such, they violate Federal Rule of Evidence 402.

(4) W. Thomas Anthony, Jr., Esquire - Testimony concerning the hours of similar nightclubs in Pennsylvania is irrelevant and violates Federal Rule of Evidence 402.

(5) Glenn McGogney, Esquire - Attorney McGogney's testimony appears to be directed to the "1994 oral agreement." As such, it is precluded for the reasons described above.

(6) Dr. David W. Daley

(a) Dr. Daley's testimony concerning treatment of the Plaintiff is not relevant to the case and violates Federal Rule of Evidence 402.

(b) The Plaintiff has made no allegations of medical problems among the contentions made in his Complaint or in his First Amended Complaint.

(c) The Plaintiff has failed to produce expert reports as required by Federal Rule of Civil Procedure 26(a)(2).

(7) Dr. David J. Shingles

(a) Dr. Shingles' testimony concerning treatment of the Plaintiff is not relevant to the case, and violates Federal Rule of Evidence 402.

(b) The Plaintiff has made no allegations of medical problems among the contentions made in his Complaint and in his First Amended Complaint.

(c) The Plaintiff has failed to produce expert reports as required

by Federal Rule of Civil Procedure 26 (a)(2).

(8) Irv Fetherman - Testimony of Mr. Fetherman, the owner of another adult nightclub, would concern issues that predated June 18, 2000. His testimony is properly precluded.

(9) Current or former Allentown Police Officers.

(a) Former Chief of Police Gerald Monaghan and former Assistant Chief Paul Snyder were involved only with respect to issues that arose prior to June 18, 2000.

(b) Police Officers Tony Philips and Claude Rone have no involvement with any issues related to Mr. Rose, and their testimony would violate Federal Rules of Evidence 402 and 403.

(10) F. Paul Laubner - His testimony should be precluded to the extent that it concerns issues prior to June 18, 2000.

(11) James T. Huber, Esquire - Attorney Huber's involvement with former clients who sued the Allentown Police Department has no bearing on this case, and any such testimony would violate Federal Rules of Evidence 402 and 403.

(12) Neighbors' testimony

(a) Mr. Rose has failed to identify these persons, nor has he provided a summary of their testimony, both of which violate this Court's Order of December 13, 2000.

(b) These persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1).

(13)   Owners and operators of other minority businesses.

(a)   Mr. Rose has failed to identify these persons, nor has he provided a summary of their testimony, both of which violate this Court's Order of December 13, 2000.

(b)   The experience of other owners and operators is not relevant to the claims of the Plaintiff and would violate Federal Rules of Evidence 402 and 403.

(c)   These persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1)

(14)   Other persons connected with the Zoning Hearing Board

(a)   Mr. Rose has failed to identify these persons, nor has he provided a summary of their testimony, both of which violate this Court's Order of December 13, 2000.

(b)   These persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1)

(15)   George Sams

(a)   Mr. Rose has failed to identify this person, nor has he provided a summary of his testimony, both of which violate this Court's Order of December 13, 2000.

(b)   These persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1)

(16)   Allentown Police Records Officer

(a)   Mr. Rose has failed to identify this person, nor has he provided a summary of his or her testimony, both of which violate this Court's Order of December 13, 2000.

        (b)    This person has not been identified as required by Federal Rule of Civil Procedure 26 (a)(1).

**C.**    **Motion in Limine, Re: Exhibits Identified**

5.    The Defendants move to limit the admission of the following exhibits, which are appropriately precluded as having to do with issues that arose prior to June 18, 2000: A, B, C, D, E, F, G, H, J, K, and L.

WHEREFORE, the Defendants, City of Allentown and Zoning Hearing Board of the City of Allentown, by counsel, James T. Huber, Esquire, respectfully request that the Court grant their Motion in Limine and preclude and/or limit the evidence for the reasons described above.

**RESPECTFULLY SUBMITTED,**

_____
James T. Huber, Esquire
**HUBER AND WALDRON**
535 Hamilton Mall, Suite 301
Allentown, Pennsylvania 18101
(610) 435-9790
I.D. No. 22089