IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMI ROSE,** | ) | CIVIL RIGHTS ACTION |
|       Plaintiff | ) | |
|   vs. | ) | No.  02-CV-3842 |
| | ) | |
| **CITY OF ALLENTOWN, and** | ) | JURY TRIAL DEMANDED |
| **ZONING HEARING BOARD OF** | ) | |
| **THE CITY OF ALLENTOWN,** | ) | |
|       Defendants | ) | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

The Defendants' Motion in Limine seeks to limit the Plaintiff's presentation of evidence in three ways.  First, some of the issues identified by the Plaintiff in his Pretrial Memorandum are appropriately precluded or limited.  Second, some of the witnesses identified by the Plaintiff are offered to present testimony not admissible at trial.  Third, most of the exhibits identified by the Plaintiff are not relevant to the issues which remain in the case.

The "trial court has discretion to make even relevancy rulings pre-trial, subject to review for abuse of such discretion."  In Re: Japanese Electronic Products Antitrust litigation, 723 F.2d 238, 260 (3d Cir. 1983) (reversed on other grounds, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986)).  "In limine ruling on evidence issues, is a procedure which should, in a trial court's discretion, be used in appropriate cases."  Id.  "[A] motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  Bradley v. Pittsburgh Board of Education, 913 F.2d 1064, 1069 (1990).

I.   **ISSUES**

### A.   The Defendants seek to limit the testimony based upon the issues raised in their Motion for Summary Judgment.

The Defendants respectfully reassert the issues raised in their Motion for Summary Judgment. The issues raised in that Motion for Summary would preclude the issues which the Plaintiff asserts provide the basis for his claims.

Those issues include, but are not limited to, claim and issue preclusion and the Rooker-Feldman doctrine. The same claims of racial discrimination were raised and denied in the state courts, and the First Amendment Constitutional claims have been decided by the Court of Common Pleas of Lehigh County, the most recent decision having been decided on November 19, 2004. See copy of decision attached hereto. Second, the Defendants reassert their argument that most of the Plaintiff's claims are garden variety zoning issues over which this Court has no subject matter jurisdiction. Finally, the Defendants respectfully reassert their Statute of Limitations argument for any claimed violations prior to June 18, 2000 (two years prior to the filing of the action), to the extent that any such issues remain.

**B.**   **The Defendants seek to limit the issues raised in the Plaintiff's Pretrial Memorandum**

The Plaintiff's Pretrial Memorandum identifies six issues. The Defendants file the within Motion in Limine with respect to each of those issues for the following reasons.

**Issue 1:**   **Is the 1994 oral agreement between the Plaintiff and the Defendants still binding on the Defendants?**

The Plaintiff apparently contends that there was an oral agreement in 1994 which permitted Hollywood Nights to remain open after the required midnight close. This issue is appropriately precluded from the trial of this matter for the following reasons.

**a.**   **This is a new issue to the case and not pleaded.**

The Plaintiff has not pleaded this as a cause of action in this lawsuit. Neither his Complaint nor his Amended Complaint pleads a claim for breach of contract with respect to any asserted agreement.

### b. The Court has no subject matter over this issue.

This issue apparently alleges a state law breach of contract claim. This Court has no subject matter jurisdiction over this action. See <u>Kontrick v. Ryan</u>, 540 U.S. 443, 124 S. Ct. 906, 915, 157 L. Ed.2d 867 (2004) (issues related to subject matter jurisdiction may be raised by either party or, <u>sua sponte</u> by the Court, at any stage of litigation). Federal Rule of Civil Procedure 12 (h)(3). (A Court must dismiss an action "[w]henever it appears by suggestion of the parties or otherwise" that subject matter jurisdiction is lacking).

### c. This issue, having arisen prior to June 18, 2000, has been specifically removed from this case.

On August 1, 2002, the Plaintiff filed a Motion to Withdraw Allegations of Incidents Which Occurred Prior to June 18, 2000, which specifically withdrew all claims which arose prior to June 18, 2000. This Court thereafter entered an Order on November 5, 2002, granting that Motion, thus limiting the case to claims after the June 18, 2000 date. The Plaintiff, in his deposition, confirmed that he was not pursuing claims prior to June 18, 2000. See Rose Deposition Transcript, p.52, excerpt attached. As a result, the Defendants did not fully explore issues arising prior to June 18, 2000 during discovery. This issue has therefore been specifically removed from this case and the Defendants would be prejudiced to have the issue added to the case 2 ½ years into the litigation, after discovery is already complete, and with trial scheduled in less than forty-five days. The Plaintiff's attempt to insert this issue is improper.

**Issue 2.   Is the Plaintiff's adult nightclub grandfathered in, so that later restrictions on operating hours do not apply to the Plaintiff's business?**

The Defendants respectfully incorporate the arguments contained in the preceding section, specifically, 1 a-c. This is a new issue in this case, having not been asserted in the Complaint or the Amended Complaint.[1] It is a zoning issue over which this Court has no subject matter jurisdiction. Finally, it is a pre-June 18, 2000 issue.

**Issue 3.   Are the City Zoning Ordinances that apply to BYOB clubs and adult businesses unconstitutionally vague and over broad?**

The Defendants respectfully incorporate and reassert the arguments contained in their Motion for Summary Judgment, which established that these issues have not only been raised by Mr. Rose in the State Courts, but decided adversely to him.

---

[1] Indeed, in November, 2004, the Plaintiff filed another action against the same Defendants, alleging virtually identical claims. That Complaint specifically asserts that the nightclub was "grandfathered in." See Rose v. City of Allentown and Zoning Hearing Board of the City of Allentown (04-CV-2853), Complaint para. 98.

**Issue 4.** **Do the restrictions on the Plaintiff's operating hours violate the Plaintiff's freedom of expression under the Pennsylvania Constitution?**

The Defendants respectfully incorporate the arguments in their Motion for Summary Judgment, which established that these issues have not only been raised by Mr. Rose in the State Courts, but decided adversely to him.

**Issue 5.** **Do the restrictions on the Plaintiff's operating hours constitute a denial of equal protection, in violation of the Fourteenth Amendment in the United States Constitution?**

The Defendants respectfully incorporate the arguments in their Motion for Summary Judgment, which established that these issues have not only been raised by Mr. Rose in the State Courts, but decided adversely to him.

**Issue 6.** **Have the Defendants engaged in a pattern of racial discrimination against the Plaintiff in violation of the Civil Rights Act?**

The Plaintiff's allegations of racial discrimination, in almost every respect, predate June 18, 2000. Any testimony to be presented prior to that date is properly excluded as having been withdrawn voluntarily by the Plaintiff, which withdrawal was confirmed by this Court's Order. In addition, these issues have been litigated by Mr. Rose in the State Courts and decided adversely to him.

## II.     WITNESSES

### A.     Motion in Limine as to all witnesses.

For the same reasons described above, any testimony from any witness concerning events prior to June 18, 2000, is appropriately precluded, as allegations prior to that date have been withdrawn by the Plaintiff, which withdrawal was confirmed by this Court's Order.

### B.     Motion in Limine to Particular Witnesses.

Relevant evidence is any evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Irrelevant evidence is not admissible. Federal Rule of Evidence 402.

#### 1.     Jimi Rose

The Pretrial Memorandum states that the Plaintiff will testify as to all phases of the case. To the extent that that testimony transgresses into the areas described above, it is appropriately so limited.

### 2. Jennifer Miller

Testimony by Ms. Miller concerning ownership is relevant. The remaining listed items for which she has been identified, including hours, policies, finances, and occurrences, are not relevant to the case. As such, they violate Federal Rule of Civil Procedure 402.

### 3. Richard Miller

The same limitation applies to Mr. Miller as to Jennifer Miller.

### 4. W. Thomas Anthony, Jr., Esquire

Testimony concerning the hours of similar nightclubs in Pennsylvania is irrelevant and violates Federal Rule of Civil Procedure 402.

### 5. Glenn McGogney

Attorney McGogney's testimony appears to be directed to the "1994 oral agreement." As such, it is precluded for the reasons described above.

**6.     Dr. David W. Daley**

Dr. Daley's testimony concerning treatment of the Plaintiff is not relevant to the case. The Plaintiff has made no allegations of medical problems among the contentions made in his Complaint and First Amended Complaint. In addition, the Plaintiff has failed to produce expert reports as required by Federal Rule of Civil Procedure 26 (a)(2).

**7.     Dr. David J. Shingles**

Dr. Shingles' testimony concerning treatment of the Plaintiff is not relevant to the case. The Plaintiff has made no allegations of medical problems among the contentions made in his Complaint and First Amended Complaint. In addition, the Plaintiff has failed to produce expert reports as required by Federal Rule of Civil Procedure 26 (a)(2).

**8.     Irv Fetherman**

Mr. Fetherman, the owner of another adult nightclub, would concern issues that predated June 18, 2000. His testimony is properly precluded.

**9.    Current or former Allentown Police Officers.**

Former Chief of Police Gerald Monaghan and former Assistant Chief Paul Snyder were involved only with respect to issues that arose long before June 18, 2000. Their testimony is properly precluded.

Police Officers Tony Philips and Claude Rone have no involvement with any issues related to Mr. Rose.

**10.    F. Paul Laubner**

Mr. Laubner, who is the Chairman of the Zoning Hearing Board, is a relevant witness; however, his testimony should be precluded to the extent that it concerns issues prior to June 18, 2000.

**11.    James T. Huber, Esquire**

Attorney Huber's involvement with former clients who sued the Allentown Police Department has no bearing on this case.

12. **<u>Neighbors' testimony</u>**

Mr. Rose has failed to identify these persons, nor has he provided a summary of their testimony, both of which violate this Court's Order of November 13, 2000. In addition, these persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1).

13. **<u>Owners and operators of other minority businesses.</u>**

Mr. Rose has failed to identify these persons, nor has he provided a summary of their testimony, both of which violate this Court's Order of November 13, 2000. The experience of other owners and operators is not relevant to the claims of the Plaintiff. In addition, these persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1)

14. **<u>Other persons connected with the Zoning Hearing Board</u>**

Mr. Rose has failed to identify these persons, nor has he provided a summary of their testimony, both of which violate this Court's Order of November 13, 2000. In addition, these persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1)

### 15. George Sams

Mr. Rose has failed to identify this person, nor has he provided a summary of his testimony, both of which violate this Court's Order of November 13, 2000. In addition, these persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1)

### 16. Allentown Police Records Officer

Mr. Rose has failed to identify this person, nor has he provided a summary of his or her testimony, both of which violate this Court's Order of November 13, 2000. In addition, these persons have not been identified as required by Federal Rule of Civil Procedure 26 (a)(1)

### III.   EXHIBITS

_____The following exhibits are appropriately precluded as having to do with issues that arose prior to June 18, 2000: A, B, C, D, E, F, G, H, J, K, L.

RESPECTFULLY SUBMITTED,

_____
James T. Huber, Esquire
**HUBER AND WALDRON**
535 Hamilton Mall, Suite 301
Allentown, Pennsylvania 18101
(610) 435-9790
I.D. No. 22089