IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, and | : | NO. 02-CV-3842 |
| ZONING BOARD OF THE CITY OF | : | |
| ALLENTOWN, | : | |
| | : | |
| Defendants. | : | |

ORDER

AND NOW, this 31st day of January 2005, it is hereby ORDERED that Defendants' Motion in Limine (Doc. No. 64) filed January 3, 2005 is GRANTED.

It is further ORDERED that Plaintiff's presentation of evidence at trial is limited as follows.

1. Evidence and testimony regarding issues not pleaded in the Complaint or Amended Complaint are precluded from trial. The function of a Complaint is to give fair notice of the nature and basis or grounds of the pleader's claim. Conley v. Gibson, 355 U.S. 41, 47 (1957). Plaintiff may not raise new causes of action in his Pretrial Memorandum not alleged in his Complaint or Amended Complaint as Defendant would be prejudiced by a lack of notice.

2. Evidence and testimony regarding issues over which the Court has no subject matter jurisdiction are precluded from trial. Federal district courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374

(1978). Here, where the parties are not diverse, the court may generally only hear causes of action arising under the Constitution or federal laws. <u>Id.</u> at 371. Even if pendent jurisdiction exists, i.e. a state cause of action arises out of the same common nucleus of fact as a federal cause of action, exercise of that jurisdiction is a matter of discretion. <u>Id.</u> at n.9. Therefore, Plaintiff may not raise such state law claims.

3. Evidence, exhibits, and testimony regarding issues arising prior to June 18, 2000, are precluded from trial as they were specifically withdrawn from this case by Plaintiff. <u>See</u> Order of November 5, 2002 (Doc. No. 11), granting Plaintiff's Motion to Withdraw Allegations of Incidents Which Occurred Prior to June 18, 2000.

4. Evidence and testimony regarding issues previously decided by other courts are precluded from trial. Under "collateral estoppel," or issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior cause of action. <u>Brody v. Hankin</u>, 299 F. Supp.2d 454, 458 (E.D. Pa. 2004). Therefore, to the extent that a state court or any other competent court has determined any of the issues Plaintiff might seek to raise, Plaintiff is barred from their re-litigation before this Court.

5. Evidence and testimony not directly relevant to issues raised in Plaintiff's Complaint and Amended Complaint are precluded from trial. The Federal Rules of Evidence require that evidence be relevant, i.e. that it have some "tendency to make the existence of any fact that is of consequence to the determination of the

action more probably or less probably than it would be without the evidence" to be admissible. Fed. R. Evid. 401, 402. Therefore, evidence presented must be relevant to the causes of action put forth in Plaintiff's Complaint and Amended Complaint.

6. Witnesses not specifically identified by name in Plaintiff's Pretrial Memorandum are precluded from testifying trial. On November 16, 2004, the Court issued an Amended Order which required the parties to file a Pretrial Memorandum listing all witnesses and stating that witnesses not listed may not be called during a party's case in chief. To the extent Plaintiff's Pretrial Memorandum does not identify such persons with specificity, they are precluded from testifying in his case in chief. See Southard v. Indep. Towing Co., 453 F.2d 1115 (3d Cir. 1971).

BY THE COURT:

____/s/_____
Legrome D. Davis, Judge