IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | ) | CIVIL RIGHTS ACTION |
|     Plaintiff | ) | |
| vs. | ) | No. 02-CV-3842 |
| | ) | |
| CITY OF ALLENTOWN, and | ) | JURY TRIAL DEMANDED |
| ZONING HEARING BOARD OF | ) | |
| THE CITY OF ALLENTOWN, | ) | |
|     Defendants | ) | |

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO QUASH

The Plaintiff has issued subpoenas to Roy Afflerbach, the present Mayor of the City of Allentown, Craig Long, the Fire Chief of the City of Allentown, Mike Combs, a retired Allentown police officer, Allentown Chief of Police Joseph C. Blackburn, Allentown Police Officer Frank Peters and "Record Officer." The Subpoena issued to Fire Chief Craig Long requires him to produce: "All records of fire inspections at 2327 Hanover Ave., Allentown, Pa. since 1990." The Subpoenaes issue to Mike Combs, Joseph C. Blackburn, Frank Peters and Allentown "Records Officer," require them to produce: "All police records concerning incidents and violent crimes since 1997, at BYOB clubs, after hours club, and bars and nightclubs with liquor licenses."

On January 31, 2005, this Court entered an Order granting the Defendants' Motion in Limine. That Order (Para. 6), held that to: "[t]he extent Plaintiff's Pretrial Memorandum does not identify such persons with specificity, they are precluded from testifying in his case in chief." Citing Southard v. Independent Towing Company, 453 F.2d 1115 (3d Cir. 1971). The Plaintiff has ignored this Court's Order and has issued numerous Subpoenaes for persons not listed as witnesses in his Pretrial Memorandum.

Mr. Afflerbach, Mr. Long, Mr. Combs, Mr. Blackburn and Mr. Peters are not listed as witnesses in the Plaintiff's Pretrial Memorandum. See Exhibit G, Section II. The Order expressly prohibits the Plaintiff from calling Mr. Afflerbach, Mr. Long, Mr. Combs, Mr. Blackburn and Mr. Peters, in light of the fact that they were not identified in the Pretrial Memorandum.

The records requested also violate the Order of January 31, 2005. Paragraph 3 of this Court's Order holds that: "[e]vidence, exhibits and testimony regarding issues arising prior to June 18, 2000, are precluded from trial as they were specifically withdrawn from this case by Plaintiff." The documents requested in the Subpoenaes include proposed Exhibits back to 1990, with respect fire inspection reports, and police reports back to 1997. The Subpoena for document production therefore violates Paragraph 3 of this Court's Order of January 31, 2005. In addition, the fire inspection reports are not listed by the Plaintiff as proposed exhibits in his Pretrial Memorandum. Exhibit G, Section III.

A defendant has standing to move to quash subpoenaes where the subpoenaes are in violation of Case Management Orders issued under Federal Rule of Civil Procedure 16 and 26. Thomas v. Marina Associates, 202 F.R.D. 433, 435, footnote 2 (E.D. Pa. 2001). These subpoenaes seek the attendance of witnesses who not only were not identified in the Pretrial Memorandum, but who the Plaintiff is precluded from calling by the Order of January 31, 2005. It also seeks documents precluded by that Order.

Finally, the Plaintiff's Subpoenaes seeking the production of all police reports involving any bars or night clubs in the City of Allentown since 1997 are both irrelevant to the case and would require hundreds of hours to locate. As such, the Subpoenaes are unreasonably burdensome.

                                    **RESPECTFULLY SUBMITTED,**

                                    _____
                                    James T. Huber, Esquire
                                    **HUBER AND WALDRON**
                                    535 Hamilton Mall, Suite 301
                                    Allentown, Pennsylvania 18101
                                    (610) 435-9790
                                    I.D. No. 22089