IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JIMI ROSE,                              :
      Plaintiff,                      :        CIVIL ACTION
                                        :
    v.                                  :
                                        :
CITY OF ALLENTOWN, and                  :        NO. 02-CV-3842
ZONING BOARD OF THE CITY OF             :
ALLENTOWN,                              :
      Defendants.                     :

ORDER

AND NOW, this   30th   day of March, 2005, upon consideration of oral argument by the

parties, it is hereby ORDERED as follows.

Presently before the Court is Plaintiff Jimi Rose's oral motion for voluntary dismissal.

Defendants do not oppose Plaintiff's motion, but argue that dismissal of this litigation should be

with prejudice.  Rule 41(a)(2) provides that "[a]n action shall not be dismissed at the plaintiff's

instance save upon order of the court and upon such terms and conditions as the court deems

proper. . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without

prejudice."  Fed.R.Civ.P. 41(a)(2).  The question of whether dismissal under Rule 41(a)(2) is

with or without prejudice is within the discretion of the Court.  See Charles A. Wright & Arthur

R. Miller, Federal Practice and Procedure § 2367 (1995) ("if the plaintiff either moves for

dismissal without prejudice or fails to specify whether the request is for dismissal with or without

prejudice, the matter is left to the discretion of the court.").

"A dismissal with prejudice may be granted 'where it would be inequitable or prejudicial

1

to defendant to allow plaintiff to refile the action.'" John T. v. Del. Co. Intermediate Unit, 2001 WL 1391500, at *4 (E.D. Pa. Nov.7, 2001) (citation omitted). When considering whether to dismiss an action with prejudice, courts generally consider four factors: "(1) whether a motion for summary judgment has been filed; (2) the extent of a defendant's efforts and expenses in preparing for trial; (3) the excessive expenses in defending a second action; and (4) insufficient explanation for dismissal by the plaintiff." Dorfsman v. Law School Admission Council, Inc., 2001 WL 1754726 (E.D. Pa. Nov. 28, 2001) (citations omitted).

The Court concludes that dismissal must be with prejudice in this case. The original complaint was filed on June 18, 2002. In the intervening two years and nine months, the Court granted Plaintiff, who has proceeded *pro se* throughout most of this case, four enlargements of time to conduct discovery and respond to Defendants' motions and leave to file an amended complaint more than one year after the original complaint was filed. (See Orders of 2/10/04 and 12/14/04 (chronicling Plaintiff's extensions).)

This case was first noticed for trial on November 10, 2004, and the Court made clear that its February 8, 2005 trial date was a firm one. Nevertheless, the Court granted Plaintiff a continuance upon his request of January 14, 2005. (See Order of 1/28/05.) When Plaintiff's day in court finally arrived on March 29, 2005, Defendants were ready, willing, and able to proceed. Unfortunately, Plaintiff was not, and asked to withdraw his case.

The Court has been as generous as possible, particularly given Plaintiff's *pro se* status, in giving the parties time to prepare for trial. It would extremely be unfair to Defendants, who have spent significant time, effort, and money defending this matter and preparing for trial, to allow Plaintiff to refile this action, forcing them to start all over again.

2

Moreover, dismissal with prejudice in this matter will not deny Plaintiff a forum for his claims.  Plaintiff filed a separate federal action, also before this Court, on June 28, 2004 (see Rose v. City of Allentown, et al.,  Civ. No. 2:04-cv-02853-LDD), which Plaintiff avers is substantially similar to the matter presently before the Court.

The facts of this case clearly warrant dismissal with prejudice.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JIMI ROSE,                                  :
      Plaintiff,                        :        CIVIL ACTION
                                            :
    v.                                :
                                            :
CITY OF ALLENTOWN, and                      :        NO. 02-CV-3842
ZONING BOARD OF THE CITY OF                 :
ALLENTOWN,                                  :
      Defendants.                      :

<u>ORDER</u>

      AND NOW, this 30th day of March, 2005, upon consideration of Plaintiffs'

Motion for Voluntary Dismissal, IT IS HEREBY ORDERED that this matter is DISMISSED

WITH PREJUDICE.  The Clerk of Court is hereby directed to statistically close this matter.

BY THE COURT:

       /s/
      Legrome D. Davis,  J.

4