IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | ) | CIVIL RIGHTS ACTION |
|     **Plaintiff** | ) | |
| vs. | ) | No. 02-CV-3842 |
| | ) | |
| CITY OF ALLENTOWN, and | ) | JURY TRIAL DEMANDED |
| ZONING HEARING BOARD OF | ) | |
| THE CITY OF ALLENTOWN, | ) | |
|     **Defendants** | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
MOTION TO VACATE HIS WITHDRAWAL OF HIS COMPLAINT
AND TO REINSTATE THIS ACTION**

NOW, come the Defendants, City of Allentown and Zoning Hearing Board of the City of Allentown, by counsel, James T. Huber, Esquire, and answer the Plaintiff's Motion to Vacate as follows:

1. Admitted in part and denied in part. It is denied that the exotic nightclub in question in this case is owned by the Plaintiff. The remaining allegations are admitted.

2. After reasonable investigation, the answering Defendants are unable to determine the truth of these averments and they are accordingly denied.

3. Admitted.

4. After reasonable investigation, the answering Defendants are unable to determine the truth of these averments and they are accordingly denied. By way of further answer, the Motion to Quash was served by regular mail on the Plaintiff and the Court issued an Order granting that Motion which, upon information and belief, was mailed to the Plaintiff by the Clerk of the District Court.

5. Denied. Jennifer Miller was present in the courtroom at the time when jury selection was to begin and was available to both testify and to supply any information the Plaintiff required. In addition, the persons who the Plaintiff had subpoenaed had not been identified in his Pretrial Memorandum, and knew nothing about the Plaintiff's allegations. Those persons had no relevant evidence with respect to the Plaintiff's case, nor had they ever been identified by the Plaintiff as having relevant information during the pendency of the action.

6. After reasonable investigation, the answering Defendants are unable to determine what the Plaintiff felt, and that allegation is accordingly denied. It is admitted that the Plaintiff asked the Court to withdraw his case without prejudice. It is denied that he was forced to withdraw his claim as his withdrawal was voluntary.

7. It is admitted that the Defendants argued that withdrawal should be with prejudice. The remaining allegations are conclusions of law to which no answer is required.

8. It is admitted that this Honorable Court granted the withdrawal, and did not make a decision concerning whether the withdrawal would be with or without prejudice at that time.

9. After reasonable investigation, the answering Defendants are unable to determine the truth of these averments and they are accordingly denied.

10. Denied.

    a. After reasonable investigation, the answering Defendants do not know what the Judge's impression was. However, the Plaintiff was given full and complete freedom to describe his case to the Court, and to proceed to select a jury if he chose.

    b. After reasonable investigation, the answering Defendants do not know what the Judge's impression was. However, the Plaintiff was given full and complete freedom to describe his case to the Court, and to proceed to select a jury if he chose. By way of further answer, if the

subpoenaed witnesses were intended for rebuttal, the quashing of the subpoenaes for these witnesses had no impact on the Plaintiff's ability to present his case in chief.

11. After reasonable investigation, the answering Defendants are unable to determine the truth of these averments and they are accordingly denied. By way of further answer, whatever information Jennifer Miller produced was, therefore, in the Plaintiff's possession at the time when he could have chosen to select a jury.

12. Denied. By way of further answer, this paragraph contains conclusions of law to which no answer is required.

13. Denied. By way of further answer, this paragraph contains conclusions of law to which no answer is required.

WHEREFORE, the Defendants, City of Allentown and Zoning Hearing Board of the City of Allentown, by counsel, James T. Huber, Esquire, respectfully request that the Court deny the Plaintiff's Motion to Vacate the Withdrawal of his Complaint and to Reinstate this Action.

**RESPECTFULLY SUBMITTED,**

_____
James T. Huber, Esquire
**HUBER AND WALDRON**
535 Hamilton Mall, Suite 301
Allentown, Pennsylvania 18101
(610) 435-9790
I.D. No. 22089

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMI ROSE,** | ) | CIVIL RIGHTS ACTION |
| Plaintiff | ) | |
| vs. | ) | No. 02-CV-3842 |
| | ) | |
| **CITY OF ALLENTOWN, and** | ) | JURY TRIAL DEMANDED |
| **ZONING HEARING BOARD OF** | ) | |
| **THE CITY OF ALLENTOWN,** | ) | |
| Defendants | ) | |

### ORDER

NOW, this _____ day of _____, 2005, upon consideration of the Plaintiff's Motion to Vacate the Withdrawal of his Complaint, and to Reinstate this Action, and the Defendants' Response thereto, it is Ordered that the Plaintiff's Motion is denied.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMI ROSE,** | ) | **CIVIL RIGHTS ACTION** |
| **Plaintiff** | ) | |
| vs. | ) | No.  02-CV-3842 |
| | ) | |
| **CITY OF ALLENTOWN, and** | ) | **JURY TRIAL DEMANDED** |
| **ZONING HEARING BOARD OF** | ) | |
| **THE CITY OF ALLENTOWN,** | ) | |
| **Defendants** | ) | |

## CERTIFICATE OF SERVICE

I, James T. Huber, Esquire, hereby certify that I have mailed, by first-class regular mail, a true and correct copy of Defendants' Answer to Plaintiff's Motion to Vacate his Withdrawal of his Complaint and to Reinstate this Action and a proposed Order, upon:

> Jimi Rose
> 911 Barnsdale Road
> Allentown, Pennsylvania 18103

_____
James T. Huber, Esquire

Dated: _____