IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMI ROSE, : | |
|    Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| CITY OF ALLENTOWN, and : | NO. 02-CV-3842 |
| ZONING BOARD OF THE CITY OF : | |
| ALLENTOWN, : | |
|    Defendants. : | |

MEMORANDUM & ORDER

AND NOW, this 6th day of May, 2005, upon consideration of Plaintiff's Motion to Vacate (Doc. No. 82) filed April 1, 2005, and Defendants' Response thereto (Doc. No. 83), it is hereby ORDERED that Plaintiff's Motion is GRANTED.

Trial in this matter was scheduled to begin on March 29, 2005. On that day, Plaintiff appeared before the Court unprepared to go to trial and asked the Court to permit him to voluntarily withdraw his case pursuant to Federal Rule of Civil Procedure 41(a)(2). On March 30, 2005, the Court granted Plaintiff's Motion but determined that said dismissal should be with prejudice (Doc. No. 81). Plaintiff now seeks to vacate that Motion and reinstate his claim. Plaintiff also filed a Notice of Appeal April 29, 2005.

Despite the Notice of Appeal, this Court retains jurisdiction to dispose of the matter before it. While Plaintiff characterizes his motion as a Motion to Vacate, it is more properly viewed as a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). A Notice of Appeal filed while a such a motion is pending does not deprive the district court of

jurisdiction over the motion. See Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties fro the entry of the order disposing of the last such remaining motion . . . (iv) to alter or amend the judgment under Rule 59 . . . "). Therefore, the Court concludes that the Motion to Vacate is properly before this Court.

While this Court thinks dismissal with prejudice was appropriate in this matter and strongly disagrees with several characterizations in Plaintiff's Motion to Vacate, in light of Plaintiff's pro se status and recognizing that the question of whether the Court may convert a Motion under Rule 41(a)(2) into a dismissal with prejudice is an open one in this Circuit, out of an abundance of caution and fairness, the Court will grant Plaintiff's Motion.[1]

In his Motion, Plaintiff avers that he "was prepared and ready for trial when he entered the courtroom" on March 29, and only after learning that the Court had quashed his subpoenas in its order of March 24, 2005, was he forced to request a voluntary dismissal. In fact, according to the Court's recollection of its in-chambers discussion with Mr. Rose, Mr. Rose indicated that he had talked to a number of attorneys over the weekend prior to his trial date who had advised him to seek to withdraw his case without prejudice. Further, even if Mr. Rose did not receive a copy

---

[1] Despite Plaintiff's pro se status, he is certainly not an inexperienced litigant before the courts of the Eastern District of Pennsylvania, and is well-versed in the policies, procedures, and orders of this Court.  See Jimi Rose v. City of Allentown, No. 04-CV-2853-LDD; James E. Rose, Jr. v. Lehigh Valley Hospital, No. 04-CV-93-MK; James E. Rose, Jr. v. Jennifer Lynn Cole, No. 03-CV-5157-TJS; Jason Roman v. City of Reading, No. 02-CV-4763-CMR; James E. Rose, Jr. v. County of Lehigh, No. 01-CV-13-JW; James E. Rose, Jr. v. Bethlehem Police Dep't, No. 97-CV-926-RB; Jimi Rose t/a Hollywood Nights t/a Goodfellas v. The Morning Call, Inc., No. 96-CV-2973-MT; James E. Rose, Jr. v. J.P. Mascaro & Sons, No. 94-CV-4236-DH; James Rose v. Ed McMann, No. 92-CV-6245-AB; James Edward Rose, Jr. a/k/a Jason Elliott Roman, III v. Mayor Joseph Dadonna, No. 92-CV-2012-DH; Jason Roman v. Lehigh County Prison, No. 92-CV-832-DH; James Edward Rose, Jr. v. Granite City Police, No. 91-CV-7477-DH; Jason Roman a/k/a James Edward Rose, Jr. v. Glen Jeffes, No. 89-CV-1638-DH; James Edward Rose, Jr. a/k/a Jason Elliott Roman, III v. Pennsylvania Liquor Control Board, No. 84-CV-462-DH.

of the March 24, 2005 order quashing his subpoenas, which was sent to him by certified mail, he was on notice that these subpoenas were not permissible. In its pretrial Orders of November 9, 2004 (Doc. No. 55); November 16, 2004 (Doc. No. 56); and December 14, 2004 (Doc. No. 59), the Court specified that, "The pretrial memorandum shall set forth . . . a list of all witnesses to appear at trial with a brief statement of the nature and duration of each witness's anticipated testimony (witnesses not listed may not be called in a party's case in chief)." The Court underscored this requirement when it granted Defendants' Motion in Limine, stating "Witnesses not specifically identified by name in Plaintiff's Pretrial Memorandum are precluded from testifying trial." (Doc. No. 70 (citing Southard v. Indep. Towing Co., 453 F.2d 1115 (3d Cir. 1971).) In Plaintiff's Pretrial Memorandum (Doc. No. 60) filed December 23, 2004, he listed the following potential witnesses: himself, Jennifer Miller, Richard Miller, W. Thomas Anthony, Jr., Glenn McGogney, Dr. David W. Daley, Dr. David J. Shingles, Erv Featherman, Gerald Monahan, Paul Snyder, Tony Phillips, Claude Rone, F. Paul Laubner, James T. Huber, and George Sams, as well as a number of unidentified persons: owners and operators of other minority businesses in the City of Allentown, other persons connected with the Zoning Hearing Board, and Allentown Police records officer. Nevertheless, without seeking leave to amend his Pretrial Memorandum, on March 1, 2005, Plaintiff issued subpoenas to Roy Afflerbach, Craig Long, Mike Combs, Joseph C. Blackburn, and Frank Peters, none of whom had been identified in Plaintiff's Pretrial Memorandum, as well as the unidentified Records Officer of the Allentown Police Department. Therefore, in its Order of March 24, 2005 (Doc. No. 80) the Court granted Defendants' Motion to Quash.

    The Court further notes that Plaintiff contends in his Motion that he was caused severe

prejudice, in part, by the loss of materials taken by Jennifer Caswell Miller. In fact, the Court granted Plaintiff's Motion for Continuance (Doc. No. 65) in its Order of January 28, 2005 (Doc. No. 69), and rescheduled trial from February 8, 2004 to March 29, 2005 (Doc. No. 71), in order to permit Plaintiff to retrieve or recreate his materials.

Moreover, Plaintiff mischaracterizes the Court's March 29 request for legal memoranda. Mr. Rose implies that the Court issued its dismissal with prejudice prematurely, without waiting for requested legal briefs. However, at the March 29 proceeding the Court requested that the parties submit briefs in Plaintiff's related case, No. 04-2853, on the issue of preclusion. See Hearing Tr. 13:8-19.

Finally, on March 7, 2005, the Court granted Defendants' request to file affidavits and supporting documents regarding Plaintiff's similar claims in the courts of the Commonwealth of Pennsylvania. After a review of those documents, the Court concludes that there is an issue of material fact regarding whether or not Plaintiff's claims are precluded by prior litigation in the state courts. Therefore, it is hereby ORDERED that the parties shall file briefs on the issue.

For the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion is GRANTED. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, and | : | NO. 02-CV-3842 |
| ZONING BOARD OF THE CITY OF | | |
| ALLENTOWN, | : | |
|     Defendants. | : | |

<u>ORDER</u>

AND NOW, this 6th day of May, 2005, upon consideration of Plaintiff's Motion to Vacate (Doc. No. 82) filed April 1, 2005, and Defendants' Response thereto (Doc. No. 83), it is hereby ORDERED that Plaintiff's Motion is GRANTED.

It is further ORDERED that Defendants shall submit a brief on the issue of preclusion on or before May 20, 2005, and that Plaintiff shall submit a response thereto on or before June 3, 2005.

The Clerk of Court is hereby directed to reopen this matter for statistical purposes.

BY THE COURT:

_____/s/_____
Legrome D. Davis, J.

5