IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMI ROSE,                   : | |
|    Plaintiff,              : | CIVIL ACTION |
|                                    : | |
|    v.                          : | |
|                                      : | |
| CITY OF ALLENTOWN, and      : | NO. 02-CV-3842 |
| ZONING BOARD OF THE CITY OF : | |
| ALLENTOWN,                  : | |
|    Defendants.            : | |

ORDER

AND NOW, this 9th day of May, 2005, upon consideration of the Petition to Intervene (Doc. No. 85) filed by Bobby Riddick, Antonio Arroyo, and Shannon Eck, it is hereby ORDERED that the Petition is DENIED.

Petitioners seek to intervene as of right or, in the alternative, permissive intervention. See Fed. R. Civ. P. 24. Federal Rule of Civil Procedure 24 provides,

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted

1

to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24.

As the court stated in In re Safeguard Scientifics, "Threshold to both permissive intervention and intervention of right is timeliness. Determining whether a motion to intervene is timely requires an analysis of the facts and circumstances surrounding the proceedings and is decided in light of the totality of the circumstances." 220 F.R.D. 43, 46 (E.D. Pa. 2004).

This Court must conclude that the instant Petition to Intervene was not filed in a timely manner. The complaint in this case was filed on June 18, 2002, almost three years ago. Discovery is long closed and the matter is now trial-ready. To permit Petitioners to intervene now would require reopening the matter to additional discovery and would result in additional delay in these proceedings and prejudice to the defendants in terms of costs and expenses.

Moreover, even if the Petition had been filed in a timely manner, neither the Petition nor the proposed Complaint set forth sufficient facts to permit intervention. As Petitioners assert neither a conditional nor an unconditional right to intervene conferred upon them by statute under Rule 24(a)(1) or 24(b)(1), they proceed only under Rule 24(a)(2) and 24(b)(2).

In addition to timeliness, Rule 24(a)(2) requires proof of three elements: (1) a sufficient interest in the litigation; (2) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (3) inadequate representation of the prospective intervenor's interest by existing parties to the litigation. Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3d Cir. 1998).

In the within civil action, Plaintiff seeks monetary damages for (1) overbreadth of the

Allentown "zoning ordinances applying to BYOB clubs and those applying to adult entertainment establishments" (Compl. Count One, ¶ 72), (2) denial of freedom of speech by restrictions placed upon nude entertainment and dancing (Compl. Count Two, ¶¶ 75-80), (3) denial of equal protection by differing treatment of BYOB strip clubs versus adult nightclubs with liquor licences (Compl. Count Three, ¶¶ 82 -84), (4) injunctive relief from the zoning code (Compl. Count Four, ¶¶ 89-96), and (5) discrimination under Section 1983 against Plaintiff (Compl. Count Four (sic), ¶¶ 98). While the last count of Plaintiff's Complaint notes that "The City maintains a policy of deliberate indifference regarding the denial of basic civil rights to African Americans," (Compl. ¶ 99) nowhere in the Complaint does Plaintiff purport to bring his action on behalf of other persons of color in the Allentown community.

The proposed intervenors are the owners of an after-hours non-alcoholic nightclub who claim to have been the target of discriminatory enforcement of municipal ordinances by the city of Allentown. (Petition ¶ 5.) Therefore, their interest in the litigation relates only to Plaintiff's final Count, discrimination under Section 1983. Petitioners do not demonstrate, however, a sufficient interest in the outcome of the litigation nor a threat that the interest will be affected by the disposition of the action. Whether Plaintiff Jimi Rose was discriminated against by the City of Allentown is a factual inquiry specific to the interactions between Plaintiff and Defendants in this matter. Whether Plaintiff was discriminated against in no way threatens any claims by Petitioners that they, too, were discriminated against. There is no evidence that the disposition of the present action would have any *stare decisis*, *res judicata*, or collateral estoppel effect on any action which Petitioners remain free to bring separately. Accordingly, the Court concludes that Petitioners may not intervene as of right and their Petition in this regard is DENIED.

This Court likewise declines to exercise its discretion to allow permissive intervention under Rule 24(b)(2). While permissive intervention is left to the sound discretion of the district court, In re Safeguard Scientifics, 220 F.R.D. 43, 49 (E.D. Pa. 2004), the court must consider whether the intervention would unduly delay or prejudice the adjudication of the rights of the original parties. Id. (citing Securities and Exchange Comm'n v. United States Realty & Improvement Co., 310 U.S. 434, 459 (1940)). Again, in reviewing the record in this case, nearly three years have elapsed since its inception and it is now trial-ready. Moreover, Petitioners' interest applies to only one of the five Counts of Plaintiff's claim. To allow these parties to intervene would inflict significant costs and delays on the existing parties. Thus, Petitioners request, in the alternative, for permissive intervention is DENIED.

Finally, it should be noted that the Petitioners requested to intervene in case number 02-CV-3842. In Plaintiff's Reply to Defendants' Answer he incorrectly lists the case number for his other suit of Defendants, 04-CV-2853. The Court notes, however, that for the same reasons elucidated above, Petitioners would likewise not be permitted to intervene in the related action.

BY THE COURT:


\_\_/s/_____
Legrome D. Davis,  J.