IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | ) | CIVIL RIGHTS ACTION |
|         Plaintiff | ) | |
| vs. | ) | No.  02-CV-3842 |
| | ) | |
| CITY OF ALLENTOWN, and | ) | JURY TRIAL DEMANDED |
| ZONING HEARING BOARD OF | ) | |
| THE CITY OF ALLENTOWN, | ) | |
|         Defendants | ) | |

## DEFENDANTS' ANSWER TO MOTION TO COMPEL DISCOVERY

NOW, come the Defendants, City of Allentown and Zoning Hearing Board of the City of Allentown, by counsel, James T. Huber, Esquire, and answers the Plaintiff's Motion to Compel Discovery as follows:

1. Admitted that the Plaintiff is seeking to conduct discovery.  Denied that he is entitled to do so for the following reasons:

    a. On January 9, 2003, this Court issued a Scheduling Order, ordering that all discovery be completed by May 7, 2003.  A copy of said Order is marked Exhibit A, attached hereto, and incorporated herein by reference.

    b. The Plaintiff sought no discovery during said time period.

  c. On May 13, 2003, the Court granted the Plaintiff's Motion to Extend the Discovery Deadline, ordering that the Plaintiff complete discovery by July 7, 2003. A copy of said Order is marked Exhibit B, attached hereto and incorporated herein by reference.

  d. Despite being granted additional time to take discovery, the Plaintiff took no discovery during the extended time period.

  e. The Plaintiff thereafter again sought additional time to complete discovery, which request was granted by the Court on August 11, 2005. In that Amended Scheduling Order (incorrectly designated as a "Joint Stipulation"), discovery was to be completed by November 10, 2003. A copy of that Order is marked Exhibit C, attached hereto and incorporated herein by reference.

  f. The Plaintiff failed to take discovery during this third discovery period.

  g. In this Court's Order of November 9, 2004, trial was scheduled for February 8, 2005. A copy of that Order is marked Exhibit D, attached hereto and incorporated herein by reference.

  h. The Plaintiff again sought to delay the case by requesting a trial postponement. Trial was rescheduled to March 29, 2005. A copy of said Order is marked Exhibit E, attached hereto and incorporated herein by reference.

  I. On March 29, 2005, the Defendants appeared in Court, ready to proceed to trial, but the Plaintiff voluntarily withdrew his case.

  j. After voluntarily withdrawing his case, the Plaintiff subsequently sought leave to reopen his case, which this Court granted.

  k. The discovery deadline for this case has been extended at least twice, and discovery was closed by Court Order almost two (2) years ago.

        l.        The case has been called for trial, and the Plaintiff has declined to proceed.

        m.        The Court has been exceedingly generous to the Plaintiff in permitting him discovery extensions. As this Court stated in the Order of March 30, 2005: "The Court has been as generous as possible, particularly given Plaintiff's pro se status, in giving the parties time to prepare for trial." Order (March 30, 2005), p.2, attached as Exhibit F.

        n.        There is no basis to reopen the case to permit further discovery, which is merely intended to delay the case further, so a to prevent a final resolution.

        2.        Denied. It is denied that any discovery is needed, nor is the Plaintiff entitled to discovery at this late point in the case.

        3.        Denied that the Plaintiff is entitled to further depositions.

        4.        Admitted.

        5.        Admitted.

        6.        Admitted.

        7.        Admitted.

        8.        Denied. If any depositions were necessary, they would have been taken during the Court imposed discovery periods.

        9.        This is a conclusion of law to which no answer is required.

        10.        This is a conclusion of law to which no answer is required.

        11.        Admitted.

        12.        Denied. This discovery period in this case ended in 2003, after the Plaintiff was provided with three (3) separate discovery periods to do whatever discovery he believed was necessary, and he declined to do so.

13. It is admitted that the Defendants will not cooperate with respect to the scheduling of depositions at this time without Court Order.

WHEREFORE, come the Defendants, City of Allentown and Zoning Hearing Board of the City of Allentown, by counsel, James T. Huber, Esquire, and respectfully request that the Plaintiff's Motion to Compel Discovery be denied.

**Respectfully Submitted,**

_____
James T. Huber, Esquire
**HUBER AND WALDRON**
The Omega Professional Building
1150 South Cedar Crest Blvd, Suite 202
Allentown, Pennsylvania 18103-7909
(610) 435-9790
I.D. No. 22089

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMI ROSE,** | ) | **CIVIL RIGHTS ACTION** |
| **Plaintiff** | ) | |
| vs. | ) | No. 04-CV-2853 |
| | ) | |
| **CITY OF ALLENTOWN, and** | ) | **JURY TRIAL DEMANDED** |
| **ZONING HEARING BOARD OF** | ) | |
| **THE CITY OF ALLENTOWN,** | ) | |
| **Defendants** | ) | |

## CERTIFICATE OF SERVICE

I, James T. Huber, Esquire, hereby certify that I have mailed, by first-class regular mail, a true and correct copy of Defendants' Answer to Motion to Compel Discovery and proposed Order, upon:

> Jimi Rose
> 911 Barnsdale Road
> Allentown, Pennsylvania 18103

_____
James T. Huber, Esquire

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIMI ROSE,** | ) | **CIVIL RIGHTS ACTION** |
| Plaintiff | ) | |
| vs. | ) | No.  04-CV-2853 |
| | ) | |
| **CITY OF ALLENTOWN, and** | ) | **JURY TRIAL DEMANDED** |
| **ZONING HEARING BOARD OF** | ) | |
| **THE CITY OF ALLENTOWN,** | ) | |
| Defendants | ) | |

## ORDER

\_\_\_\_\_NOW, this \_\_\_\_\_ day of _____, 2005, upon consideration of the Plaintiff's Motion to Compel Discovery, and the Defendants' response thereto, the Plaintiff's Motion to Compel Discovery is denied.

BY THE COURT:

_____
J.